The judgment of the court was pronounced by
Preston, J.
In 1844, the defendants obtained a judgment against the plaintiff and Thomas V. Davis, for $1797 25, with interest and costs. On the 13th of December, 1848, the defendants issued execution on their judgment, which the plaintiff enjoined, but in May, 1849, dismissed his injunction. The sheriff had seized a tract of land and two slaves, and the injunction being dismissed, on the 20th of July, 1849, advertised the property for sale.
The plaintiff again obtained an injunction against the execution. He alleges that certain credits were given on the execution, after it came into the sheriff’s hands. It is proved that they were given before the present injunction was obtained. He further alleges, that the date of a credit of live hundred dollars was not definitively fixed by the defendants. The credit referred to a receipt in the plaintiff’s possession, fixing the date of the credit, which enabled him to give the date to the sheriff himself, and to settle correctly with either the sheriff or his creditor.
Another ground for’ obtaining the injunction was, that the plaintiff had dismissed his first injunction, in consideration of an arrangement made with the defendants, that he should have a delay of one and two years for the payment of the balance of the judgment against him. He has furnished no evidence of such an arrangement. The last ground for obtaining the injunction was, that the sheriff was proceeding to sell under an execution which had expired. This court said, in the case of Rowley v. Kemp, 2d Ann. 361: “ It is well settled, that, having made a seizure, the sheriff was not bound to return the writ, unless required by the plaintiff, but might proceed to sell under the seizure, notwithstanding the expiration of the return day of the writ, the failure to sell not having been attributable to the plaintiffof which there is no proof in this case.
*238 "We think the appeal was taken in this case without any grounds whatever, and therefore affirm the judgment, with costs in both courts, and five per cent damages on the amount of the execution enjoined.